Law Library

IN THE SUPERIOR COURT
OF GUAM

DFS GUAM L.P., )
          )
        Plaintiff )
          )
          )
    vs. )
          )
A.B. WON PAT INTERNATIONAL )
AIRPORT AUTH. LOTTE DUTY )
FREE GUAM LLC )
THE TERRITORY OF GUAM, )
          )
      Defendants. )

Civil Case no. CV0685-13

**Decision and Order**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on July 17, 2013. Plaintiff was represented by Attorneys Maurice M. Suh, William J. Blair, and G. Patrick Civille. Defendant A.B. Won Pat International Airport Authority, was represented Attorney William N. Hebert. Defendant Lotte Duty Free Guam LLC was represented by Attorneys Cesar C. Cabot and Rawlen M.T. Mantanona. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the court hereby dismisses Plaintiff's action based upon its lack of subject matter jurisdiction; Plaintiff having failed to exhaust its administrative remedies prior to commencing this action.

## BACKGROUND

This matter arises out of Plaintiff's May 30, 2013, pleading entitled, Complaint Seeking Judicial Review of Denial of RFP Proposal Protest and Award of Operating Contract, Pursuant to 5 GCA § 5480(a). In it Plaintiff alleges five causes of action against Defendants: A.B. Won Pat International Airport Authority (hereafter (Guam International Airport Authority) or (GIAA)), Lotte Duty Free Guam LLC (hereafter Lotte), and the Territory of Guam. Plaintiff's five causes of action are:

    1) Defendants Lotte and GIAA violated the rights and provisions of the Request for

Proposals (hereafter RFP) and Guam Procurement Code (hereafter GPC) by showing bias;
2) Defendants Lotte and GIAA arranged for the securing of a territorial contract through improper means and or financial remunerations;
3) Defendants Lotte and GIAA breached the ethical standards mandated in 5 GCA § 5630 which proscribe the receiving and giving of gratuities;
4) Defendants have violated the mandates of 5 GCA § 5625 by failing to act in a manner which would preserve the public trust; and
5) Defendants Lotte and GIAA violated Guam law when they entered into a putative operating contract under the RFP.

As the Guam Superior Court's *Ex Parte* court, this matter came before it after the July 15, 2013, filing of Plaintiff's paper entitled, DFS' *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. In its paper Plaintiff requests that the Court enter an order mandating the Defendants to maintain the *status quo*, so that Defendant Lotte is not installed at the airport as it sole concessions provider on July 21, 2013. Plaintiff also requests that an order to show cause hearing be held to allow the court to exercise its equitable powers to order the same relief.

The Plaintiff asserts and argues that there are six (6) causes of action which meet the standard and justify the entry of a temporary restraining order against the Defendants. These are:

1) Lotte and GIAA gave and received gratuities;
2) GIAA unlawfully allowed Lotte to modify its RFP proposal after the deadline;
3) GIAA failed to act impartially;
4) GIAA allowed Lotte to violate the single point of contact rule;
5) GIAA considered elements of Lotte's proposal that were outside the scope of the RFP requirements; and
6) GIAA failed to adopt any operational criteria for its RFP.[1]

On July 16, 2013 Defendant Lotte filed a paper entitled, Defendant Lotte Duty Free LLC's Opposition to DFS' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue; Motion for Security and Request for

---

[1] At the hearing the Plaintiff summarized their causes of action into three: 1) Defendants improperly gave and received gratuities; 2) Defendants allowed Defendant Lotte to submit a second proposal and increased Minimum Annual Guarantee (hereafter MAG); and 3) Defendant GIAA failed to adopt any administrative operational procedures.

Bond in the Amount of $24,000,000.00. In its paper Defendant argues that Plaintiff has:

1) Incorrectly identified the proper standard for review of a temporary restraining order;
2) Lacks standing to bring the claim;
3) Fails to demonstrate irreparable injury; and
4) Cannot demonstrate the balance of harms fall in its favor.

Defendant also requests that if a TRO is ordered that Plaintiff be required to post a $24,000,000.00 bond under the mandates of Rule 65(c) of the Guam Rules of Civil Procedure.

On July 17, 2013, Defendant GIAA filed a paper entitled, Memorandum of Points and Authorities in Support of GIAA's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Order to Show Cause Why a Preliminary Injunction Should not Issue. In it Defendant argues that:

1) The court lacks subject matter jurisdiction because:

a) Plaintiff has failed to exhaust administrative remedies;
b) Plaintiff lacks standing;
c) GPC automatic stay is an exclusive remedy;
d) A TRO remedy, as sought, is moot; and

2) Plaintiff's TRO application lacks merit:

a) Because Plaintiff cannot demonstrate success on the merits and or show irreparable injury; and
b) The balance of harm does not tip in Plaintiff's favor.

On July 17, 2013, Plaintiff filed a document entitled, Reply to Defendant Lotte Duty Free Guam LLC's Opposition to DFS' *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should not Issue. In it Plaintiff argues it:

1) Accurately set forth the applicable standard for reviewing a request for a temporary restraining order;
2) Has asserted sufficient facts to establish its standing to pursue its claims;
3) Is an 'aggrieved person' within the meaning of 5 GCA § 5425;
4) Filed timely protests under the 14 day requirement set forth in 2 G.A.R. §9101; and
5) Opposes Defendants' request for a bond.

## DISCUSSION

Plaintiff has requested that the court order that Defendants be temporarily restrained

from acting on the results of their RFP process for the GIAA concession contract. *Mot.* at 1. Plaintiff also requests that an order to show cause hearing be held to allow the court to exercise its equitable powers and thereby or in the alternative, order the same relief. *Mot.* at 17--18.[2] Defendants oppose Plaintiff's requests.

Rule 65(b) of the Guam Rules of Civil Procedure regulates a court's ability to grant the injucitive relief of a temporary restraining order. Guam R. Civ. P. 65(b). It provides,

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

> Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

> . . . .

*Id.* However, as with any action, prior to a court's considering a motion for temporary injunction it must have jurisdiction to hear the case and order relief. *Haywood v. Drown*, 556 U.S. 729, 769 (2009). Furthermore whenever a court determines that it lacks jurisdiction it must dismiss the case. *Id.* Rule 12(b) allows a party to challenge a court's jurisdiction at any

---

[2] Plaintiff's request for an order to show to show cause based in equity was not adequately briefed or argued. Although Plaintiff makes this request it fails to assert any specific fact or appropriate legal standard regulating the analysis of these facts. The court is unaware of any procedure allowing the review and granting of Plaintiff's request through its order to show cause

time. Guam R. Civ. P. 12(b)(1).

In this case Plaintiff argues and its pleading allege that the court's jurisdiction over their causes of action arise out of Sections 5425 and 5480 of Title 5 of the Guam Code. *Compl.* at 1--2; *Reply* at 2. In pertinent part, subsection 5425(g) of Title 5 of the Guam Code provides, "In the event of a timely protest under Subsection (a) of this Section or under Subsection (a) of § 5480 of this Chapter, the Territory shall not proceed further with the solicitation or with the award of the contract prior to final resolution of such protest . . . ." 5 GCA § 5425(g). Plaintiff asserts that it has filed this action as allowed by Section 5425 as a timely protest through Subsection 5480 of Title 5 of the Guam Code. *Compl.* at 1--2; *Reply* at 2. This argument fails to recognize or address the facial limitations and requirements that are imposed upon a court's 5480's jurisdiction by Article 9 Part D's, Section 5481(a).

Contrary to the Plaintiff's position, Subsection 5425(g)'s mandate of the imposition of an automatic stay, whether based on a timely protest being filed or a Section 5480 action being commenced, cannot obviate Section 5481(a)'s requirements, jurisdictionally limiting that same section. Such an interpretation would in effect nullify the meaningfulness of the prior statutes' recognitions and regulations of an administrative process and fall directly contrary to the common cannons of statutory interpretation. *United States v. Utah, Nevada & California Stage Co.*, 199 U.S. 414, 423 (1905)(It is the ordinary rule of statutory interpretation that all provisions of the statute must be read together in a meaningful manner); *Stenberg v. Carhart*, 530 U.S. 914, 992 (2000)(A statute's terms must be construed in accordance with its ordinary and plain meaning); United States v. Morton, 467 U.S. 822, 828 (1984)(We do not ... construe statutory phrases in isolation; we read statutes as a whole).

medium. Absent Plaintiff making some further showing of identifiable procedures and standards

Section 5480 of Title 5 of the Guam Code allows for the waiver of the Territory's sovereign immunity in connection with contracts. 5 GCA § 5480. Subsection (a) of the same section provides that,

> [t]he Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity,
> and whether the actions are for monetary damages or for declaratory, or other equitable relief.

*Id.* However, Section 5480's wavier of immunity and grant of jurisdiction is strictly limited by Subsection 5481(a) of the same Title and Chapter. 5 GCA § 5481(a). This section identifies the subject matter jurisdiction limiting-facts and elements; establishing a claim's ripeness. *Id.*

It provides, "[a]ny action under § 5480(a) of this Chapter shall be initiated within fourteen (14) days after receipt of a final administrative decision." In this case there are no facts which would support the court finding that elements of 5481(a) have been met. Absent this the court lacks the subject matter jurisdiction to review the Plaintiff's pleading or order the relief. *Pacific Rock Corp. v. Department of Educ.*, 2000 Guam 19 ¶ 28. Furthermore, when reviewing the pleading of the Plaintiff in the light most favorable to it, the court is unable to find that any attempt to amend its pleadings would not be futile. Guam R. Civ. P. 12(b)(1).

The court's review of the arguments, assertions, rules and revelations made by the parties reveals an apparent administrative duty to impose the automatic stay mandated by Section 5425 of Title 5 of the Guam code. At the hearing the Parties conceded to the timeliness of the Plaintiff's last two protests. However such an action is not before this court. Neither is the question of whether a party, entitled to an automatic stay pursuant to 5425, may avail itself of

which might be applied to the relief it has requested the court is unable to analyze it further.

the courts to enforce the stay by way of writ.

## CONCLUSION

Based on the foregoing, the Plaintiff's May 30, 2013 pleading in this matter is dismissed without prejudice.

SO ORDERED, this  17th  day of  July  2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 1 9 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam